UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH PORTER,

    Petitioner,                      Case No. 2:20-CV-11417
                                            HON. GEORGE CARAM STEEH

v.

HEIDI WASHINGTON, et. al.,

    Respondents.
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR
A WRIT OF HABEAS CORPUS TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

    Keith Porter, ("petitioner"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus in this district pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner seeks to be released from prison on the sentence that he is serving out of the Wayne County Circuit Court for the crime of first-degree murder and felony-firearm.[1] Petitioner's claim is based on the Coronavirus pandemic and his fear that he might contract the disease, in spite of efforts undertaken

---

[1] The Court obtained some of the information concerning Petitioner's conviction from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

- 1 -

by the Michigan Department of Corrections to prevent the spread of Coronavirus in the prisons. In the interests of justice, the Court concludes that the proper venue for this petition is in the Western District of Michigan and orders that the petition be immediately transferred to that district.

## I.  DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)(quoting 28 U.S.C. § 2242); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained").

Petitioner does not challenge his conviction in this petition but rather the conditions of his confinement; Petitioner alleges that he might contract Coronavirus while incarcerated. Petitioner seeks immediate release from custody, alleging that none of the precautions taken by the Michigan Department of Corrections to protect the prisoners from contracting the disease are sufficient to prevent the spread of the disease.

When a habeas petitioner challenges his present physical confinement, the only proper respondent is the warden of the facility where

the petitioner is being held. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018)(citing to *Rumsfeld,* 542 U.S. at 435).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner is imprisoned at the Kinross Correctional Facility in Kincheloe, Michigan, which is located the Western District of Michigan. Petitioner does not challenge his conviction but instead challenges the conditions of his confinement related to the risks associated with the Coronavirus. A habeas petition filed in the federal court in the district of a habeas petitioner's confinement is the proper means of testing the conditions of the petitioner's confinement. *See Coates v. Smith*, 746 F.2d 393, 395 (7th Cir. 1984); *see also Perry v. Washington,* No. 2:20-CV-11478, 2020 WL 3077592, at *1 (E.D. Mich. June 10, 2020)(district court in the Eastern District of Michigan lacked venue over habeas petitioner's claim that his health condition put him at imminent risk of contracting COVID-19, where the

petitioner was incarcerated at a prison located in the Western District of Michigan).

The Court orders that the case be transferred to the Western District of Michigan. "Given the significant liberty interests at stake, the time-sensitivity" of petitioner's claims, as well as the risks to petitioner's "health posed by the rapid spread of COVID-19," the Court "directs the Clerk to effectuate the transfer as soon as possible." *Perry v. Washington,* 2020 WL 3077592, at *2.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED**.

                                      s/George Caram Steeh
                                      HON. GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2020

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 11, 2020, by electronic and/or ordinary mail and also on Keith Porter #165867, Kinross Correctional Facility 4533 W. Industrial Park Drive, Kincheloe, MI 49786.

s/Brianna Sauve
Deputy Clerk